# NO. 12-10-00382-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | |
| *IN RE: BRUCE DARRELL WILLIAMS,* | | |
| *RELATOR* | § | *ORIGINAL PROCEEDING* |
| | § | |

---

*MEMORANDUM OPINION*
*PER CURIAM*

In this original mandamus proceeding, Relator Bruce Darrell Williams complains that the trial court abused its discretion by denying Relator's motion for appointment of counsel to assist him in filing a motion for DNA testing. Relator contends that he met the statutory requirements for appointment of counsel, and therefore the trial court had no discretion to deny the motion.

In a criminal case, a relator is entitled to mandamus relief only if he establishes that (1) he has no other adequate legal remedy and (2) under the facts and the law, the act sought to be compelled is purely ministerial. *See State ex rel. Hill v. Fifth Court of Appeals*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001).

A "convicted person" seeking DNA testing is entitled to counsel if the convicting court finds that reasonable grounds exist for filing a motion for DNA testing and also finds that the convicted person is indigent. TEX. CODE CRIM. PROC. ANN. art. 64.01(c) (Vernon Supp. 2010). Here, Relator filed a pro se motion for appointed counsel, and the State responded that Relator did not meet the requisite criteria. The trial court denied Relator's motion without finding that reasonable grounds exist for Relator to file his DNA motion. Absent this finding, Relator cannot show that the action he seeks to compel is purely ministerial and therefore cannot show that he is entitled to mandamus. *See Hill*, 34 S.W.3d at 927. Accordingly, Relator's petition for writ of mandamus is *denied*.

Opinion delivered December 8, 2010.
Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

(DO NOT PUBLISH)